IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | No. 4:23-CR-136 |
| v. | § | Judges Mazzant/Davis |
| | § | |
| OLAMIDE OLATAYO BELLO, ET AL. | § | |

**GOVERNMENT'S OMNIBUS RESPONSE
TO DEFENDANT BELLO'S PRETRIAL MOTIONS**

The government files this response to the pending pretrial motions Defendant Bello filed.

1. **Motion for Revocation of Pretrial Release Revocation or Amendment of the Order of Pretrial Release Revocation (Docket Entry 284).**

Bello moves the Court to revoke the order revoking his pretrial release. He raises mostly frivolous arguments regarding the procedure of the revocation hearing or the evidence the government presented at the hearing. He also complains about the length of time he's been detained pending trial. Of course, "[a] lengthy pretrial incarceration does not inherently offend a defendant's liberty interests." *United States v. Frye*, 489 F.3d 201, 213 (5th Cir. 2007). Notably, the Court originally released Bello pending trial. Had he abided by the conditions of his release, he would not be in jail today. Bello's own conduct is therefore the cause of his pretrial detention. *See United States v. Burton*, No. 98-20782, 2000 WL 1029169, at *15 (5th Cir. July 14, 2000).

United States Magistrate Judge Davis addresses Bello's pretrial detention argument in his December 12, 2024 Report and Recommendation ("the R&R") (Docket

Entry 380), addressing Docket Entry 283.  This Court should deny Bello's motion for the reasons given in the R&R regarding the length of Bello's pretrial detention and because the balance of the arguments Bello raises in the instant motion are frivolous.

2. **Motion in Limine (Docket Entry 285).**

Bello first moves for an in limine ruling regarding "any fruits a result of search and seizure of the defendant's residence on June 21, 2023."  The Court has not yet ruled on Bello's motion to suppress this evidence, so the Court should deny the motion because it is not yet ripe.

Bello next moves for an in limine ruling regarding "any statements and fruits as a result of the accused controlled and manage business organizations which were located and operated in McKinney, Texas."  The Court should deny this motion as frivolous.

3. **Motion to Unstrike All "Pro Se" Motions (Docket Entry 286).**

Bello moves the Court to unstrike all pro se motions he filed while he was represented by counsel. Bello has filed numerous motions in his pro se capacity since he filed the instant motion.  So the Court should deny this motion as moot.

4. **Motion for Emergency Jurisdiction Hearing on Subject-Matter and Personal Jurisdiction (Docket Entry 287).**

Bello raised a complaint regarding the Court's personal and subject-matter jurisdiction in Docket Entry 283.  Judge Davis concluded that the Court has both subject-matter and personal jurisdiction in his R&R. The Court should deny this motion for the same reasons.

5. **Motion for Evidentiary Hearing (Docket Entry 288).**

Bello moves for "an emergency evidentiary hearing." In the motion, Bello does not give a basis for his request or even identify the issue(s) he wants the Court to consider. Given the Court's impending hearing on December 19, 2024, the Court should deny this motion as moot.

6. **Motion for Emergency and Immediate Invocation or Application of Speedy Trial Act (Docket Entry 289).**

Trial is set for January 13, 2025. In the R&R, Judge Davis finds that Bello's speedy trial rights have not been violated. The Court should deny Bello's motion for the reasons given in the R&R.

7. **Individual or Official Capacity Classification Hearing (Docket Entry 293).**

Although the nature of the requested relief is not clear, Bello apparently complains that he was "lumped together in an indictment." The R&R addresses a similar argument, and the Court should deny this motion for the same reasons given in the R&R.

8. **Emergency Motion to Expedite Pending Pro Se Motions (Docket Entry 294).**

Bello moves the Court to expedite its decisions on all of his pending pro se motions. Because the Court has set all of Bello's pending motions for hearing on December 19, 2024, the Court should deny this motion as moot.

9. **Emergency Motion to Expedite (Docket Entry 307).**

Bello again moves the Court to expedite its decisions on all of his pending pro se motions. Because the Court has set all of Bello's pending motions for hearing on December 19, 2024, the Court should deny this motion as moot.

10. **Motion to Unstrike (Docket Entry 308).**

Bello again moves the Court to unstrike all pro se motions he filed while he was represented by counsel. Bello has filed numerous motions in his pro se capacity since he filed the instant motion. So the Court should deny this motion as moot.

11. **Emergency Motion to Revoke Pretrial Release Revocation on the Ground of Lack of Jurisdiction (Docket Entry 309).**

Bello moves the Court to revoke the Court's order revoking his pretrial release. The Court should deny this motion as frivolous.

12. **Motion for Speedy Trial (Docket Entry 310).**

Bello request that his trial "be set for a date on or before January of 2025." The Court has set the trial to begin on January 13, 2025, so the Court should deny this motion as moot.

13. **Motion to Dismiss Indictment on the Ground of Pretrial Cruel and Unusual Punishment (Docket Entry 311).**

Bello contends that the indictment should be dismissed because of alleged constitutional violations he's suffered during his pretrial detention. Judge Davis addresses similar arguments in his R&R. This Court should deny the motion for the same reasons given in the R&R.

14. **Emergency Motion to Withdraw CJA Philip A. Linder as Counsel for the Defendant (Docket Entry 313).**

Bello moves the Court to remove Mr. Linder as Bello's counsel. Following a *Faretta* hearing, the Court has allowed Bello to proceed pro se, with Mr. Linder serving as stand-by counsel. The Court should deny this motion as moot.

15. **Emergency Motion to Proceed in this Case "Representing Myself" (Docket Entry 314).**

    Bello moves the Court to allow him to represent himself. Following a *Faretta* hearing, the Court has allowed Bello to proceed pro se, with Mr. Linder serving as stand-by counsel. The Court should deny this motion as moot.

16. **Rule Go Motion for a Relief from All Final Orders (sic) (Docket Entry 317).**

    Bello raises several frivolous, non-cogent arguments in this filing. The Court should deny it as frivolous.

17. **Motion for Order of Designation of Record of Appeal (Docket Entry 319).**

    Bello apparently moves the Court to issue an order designating the record for appeal. Because district courts do not enter such orders, the Court should deny this motion.

18. **Motion for Leave to Proceed on Appeal In Forma Pauperis (Docket Entry 321).**

    Bello moves the Court for leave to proceed *in forma pauperis* on appeal. The government defers to the Court for such a ruling.

19. **Motion to be Tried Without a Jury (Docket Entry 322).**

    Bello requests to be tried without a jury. Bello was indicted with ten other alleged co-conspirators, and two others are likely to proceed to trial with Bello. Unless they also consent to be tried without a jury (which is unlikely), the Court should deny this motion. However, in the event that the other indicted alleged co-conspirators plead guilty before trial, then the government does not object to the Court holding a bench trial.

20. **Eighth Amendment Motion (Docket Entry 323).**

Bello again moves the Court to dismiss the indictment due to alleged constitutional violations stemming from his pretrial detention. The R&R addresses similar arguments, and the Court should deny the motion for the same reasons.

21. **Motion for Unrestricted Access to Discovery (Docket Entry 324).**

Bello apparently moves the Court to order the Fannin County Jail to allow him unrestricted access to the discovery in his cell. The government opposes this request because he already has reasonable access to the discovery in the jail library consistent with jail policy. Moreover, some of the discovery contains third-party information that cannot be disseminated through the jail. Allowing Bello to review the discovery in the jail library strikes a balance between giving him the opportunity to review the discovery while avoiding the threat of disseminating sensitive information inside the jail.

22. **18 U.S.C. § 3231 Motion (Docket Entry 328).**

Bello moves the Court for an order dismissing the indictment under 18 U.S.C. § 3231, the statute vesting United States District Courts with federal criminal jurisdiction. The Court should deny this motion as frivolous.

23. **Defect in the Indictment Motion Joining Two or More Offenses in the Same Count (duplicity) Fed. R. Crim. P. 12(b)(3)(B)(i) (Docket Entry 329).**

Bello moves the Court to dismiss the indictment because it joins two or more offenses in the same count. Judge Davis addresses a similar argument in his R&R, concluding that the indictment is not impermissibly duplicitous. The Court should deny the motion for the same reasons.

24. **Defect in Indictment Motion Lack of Specificity Fed. R. Crim. P. 12(b)(3)(B)(iii) (Docket Entry 330).**

Bello complains that the indictment lacks specificity, but the particulars of his argument are not clear. Because the First Superseding Indictment gives sufficient notice of the charges against Bello and his co-defendants, the Court should deny this motion.

25. **Defect In Indictment Motion Improper Joinder Fed. R. Crim. P. 12(b)(3)(B)(iv) (Docket Entry 331).**

Bello moves the Court for an order dismissing the indictment "on the ground of improper joinder." Bello is charged in the First Superseding Indictment along with his alleged co-conspirators. The Court should deny this motion.

26. **Defect in Indictment Motion Failure to State an Offense Fed. R. Crim. P. 12(b)(3)(B)(v) (Docket Entry 332).**

Bello moves the Court for an order dismissing the indictment for "failure to state an offense." The reasoning of Bello's argument is not clear, but Judge Davis addresses a similar argument regarding the sufficiency of the pleadings in his R&R. The Court should deny this motion for the same reasons given in the R&R and because the motion is frivolous.

27. **Bail Revocation And Remission Motion (Docket Entry 333).**

Bello again moves the Court for an order releasing him from pretrial detention. The Court should deny this motion as frivolous.

28. **Motion to Dismiss Indictment—Lack of the Essential Element (sic) (Docket Entry 334).**

Although the nature of his argument is not clear, Bello apparently complains about the sufficiency of the allegations in the indictment. Judge Davis addresses a similar

**Government's Omnibus Response to Bello's Pretrial Motions - Page 7**

argument in his R&R.  The Court should deny this motion for those same reasons.

29. **Motion to Dismiss Indictment—Distruction (sic) of Exculpatory Evidence (Docket Entry 335).**

Bello moves the Court to dismiss the indictment "base on the ground of the Government's distruction of exculpatory evidence during the search warrant and seizure (sic)."  The government denies destroying any exculpatory evidence.  The Court should deny this motion.

30. **Motion to Dismiss Indictment—Unconstitutional Pre-Indictment Delay (Docket Entry 336).**

Bello moves the Court to dismiss the indictment on the ground of unconstitutional pre-indictment delay.  A grand jury indicted Bello less than five years following his alleged criminal activity.  The Court should deny this motion.

31. **Motion to Dismiss Indictment—Lack of Materiality (Docket Entry 337).**

Bello moves this Court to dismiss the indictment "on the ground of lack of materiality."  To the extent that Bello contends that either the Indictment or the First Superseding Indictment fail to allege that the charged conspiracy involved false material misrepresentations, he's incorrect.  The Court should deny this motion.

32. **Emergency Motion to Expedite (Docket Entry 338).**

Bello moves the Court to expedite its decisions on all pending pro se motions.  The Court has set a hearing on all pending motions for December 19, 2024, so the Court should deny this motion as moot.

33. **Motion to Compel Production of Pre-Trial Detention Punishment Discoveries and Records (Docket Entry 339).**

Bello apparently complains about his treatment during pretrial detention. The relief he seeks is not available in the context of the instant criminal matter, so the Court should deny this motion.

34. **Constitutional Protected Right Motion (Docket Entry 340).**

Although the nature of Bello's complaint is unclear, he apparently complains about his ability to represent himself in this case. The Court, following a *Faretta* hearing, has allowed Bello to proceed pro se. So the Court should deny this motion.

35. **Summary of Judgment Motion (Docket Entry 341).**

Bello apparently moves the Court to grant summary judgment against the government in this case. But summary judgment is not a remedy available in a criminal matter. The Court should deny this motion as frivolous.

36. **Fed. R. Crim. P. 52(a) Motion (Docket Entry 342).**

The nature of Bello's argument is not clear, but it seems as though he essentially disputes the government's allegations in the indictment. The Court should deny this motion as frivolous.

37. **Motion for Restrain Order on Agent Rennie and Associate (sic) (Docket Entry 343).**

Bello apparently moves the Court to restrain Agent Rennie and "his associate" from coercing or threatening him. The government denies these allegations. The Court should deny this motion.

38. **Motion to Sanction the Government (Docket Entry 345).**

    Bello makes several allegations of government misconduct, all of which the government denies. The Court should deny this motion.

39. **Motion to Compel Private Investigator Discovery Update Hearing (Docket Entry 346).**

    Bello moves the Court to compel the court-appointed private investigator to provide Bello with all investigative materials. The government defers to the Court for a ruling on this motion.

40. **Motion to Dismiss Indictment—Prosecutorial Misconduct and Procedural Defect (Docket Entry 349).**

    Bello moves the Court to dismiss the indictment based "on the ground of prosecutorial misconduct and procedural defect." Again, Bello makes several nonsensical complaints about the government's investigation, all of which the government denies were improper. The Court should deny this motion as frivolous.

41. **Motion to Dismiss Indictment—Distruction of Exculpatory Evidence (sic) (Docket Entry 350).**

    Bello again moves the Court to dismiss the indictment based on "the ground of distruction (sic) of exculpatory evidence." Again, the government denies destroying any exculpatory evidence. The Court should deny this motion.

42. **Motion Requesting a Copy of Certificate of Service on Crim. ECF #310 (Docket Entry 351).**

    Bello moves the Court "for the production of certificate of service from the Government." The nature of the requested relief is not clear. The Court should deny this motion.

43. **Motion for Bill of Particulars in Pursuant to Fed. R. Crim. P. 7(f) (sic) (Docket Entry 355).**

The nature of Bello's argument is not clear, although he seemingly contends that the allegations in the indictment are not sufficiently specific. The Court should deny this motion as frivolous.

44. **Emergency Motion to Expedite (Docket Entry 356).**

Bello again moves the Court to expedite its decision on all pending pro se motions. The Court has set all pending pro se motions for hearing on December 19, 2024. The Court should deny this motion as moot.

45. **Motion to Unstrike Proposed Jury Instruction and to Append Additional Jury Instruction (Docket Entry 358).**

Bello moves the Court to unstrike proposed jury instructions at docket entry 173 and to "append the attached proposed jury instruction." The Court has ordered the parties to confer on the proposed jury instructions before trial. The government intends to circulate proposed jury instructions with the defendant and other co-defendants at the appointed time. The defendant, along with the remaining parties, will file proposed jury instructions after conferencing. The Court should deny this motion.

46. **Emergency Motion for Severance (Docket Entry 367).**

Bello moves the Court to sever his trial from that of his alleged co-conspirators because he could ostensibly provide exculpatory evidence at their trials. As a general rule, persons indicted together should be tried together, especially in conspiracy cases. *United States v. Neal*, 27 F.3d 1035, 1045 (5th Cir. 1994). To prevail on his claim that a separate trial is necessary to obtain exculpatory evidence, Bello must show: "(1) a bona

fide need for the testimony; (2) the substance of the testimony; (3) its exculpatory nature and effect; [and] (4) that the co-defendant would in fact testify if severance were granted." *United States v. Villarreal,* 963 F.2d 725, 732 (5th Cir.1992). Under that test, without an affidavit from the co-defendant himself or other similar proof, "conclusory allegation[s]" that a co-defendant would testify and what he or she would testify about is not sufficient. *United States v. Sparks,* 2 F.3d 574, 583 & n. 10 (5th Cir.1993) (listing precedent); *United States v. Neal,* 27 F.3d 1035, 1047 (5th Cir.1994). Bello can make none of the showings for a severance required by the Fifth Circuit. The Court should deny this motion.

47. **Emergency Motion for Bill of Particular (Docket Entry 368).**

Bello again complains about the sufficiency of the allegations in the indictment. Judge Davis considered similar arguments in his R&R and rejected them all. The Court should deny this motion for the same reasons.

48. **Motion to Dismiss the Indictment on the Ground of Faretta Right Violation (Docket Entry 371).**

The nature of Bello's complaint raised in this motion is not clear. To the extent he complains about not being permitted to represent himself, the motion should be denied as moot because the Court has permitted Bello to proceed pro se following a *Faretta* hearing. To the extent Bello complains about the substance or procedure of that hearing, his complaint is too vague to afford him any relief. The Court should deny this motion.

49. **Motion to Dismiss Indictment on the Ground of Speedy Trial Violation (Docket Entry 372).**

    Bello moves to dismiss the indictment "on the ground of the violation of the speedy trial clause of the sixth amendment." Judge Davis considered—and rejected—a similar argument in his R&R. The Court should deny this motion for the same reasons.

50. **Motion for an Order Sticken (sic) Docket 325 and Reversal of an Order Granting Docket 325 on the Ground of Violation of Local Rules CV-5(c) (Docket Entry 373).**

    Bello moves the Court to dismiss the indictment and reverse the order revoking his pretrial release. The Court should deny this motion as frivolous.

51. **Motion to Correct the Number of Pretrial Continuous Detention Days (Docket Entry 374).**

    By way of motion, Bello attempts to correct his own error in calculating the number of days he's been detained. Such a filing requires no ruling by the Court.

52. **Motion to Dismiss the Indictment on the Ground of Clerk Prejudice filings/docketing (Docket Entry 375).**

    Bello moves the Court to dismiss the indictment apparently due to the manner in which the Clerk's Office has handled his submissions. The Court should deny this motion as frivolous.

53. **Emergency Motion for Immediate Dismissal of the Indictment for Wanting Jurisdiction, Alternatively, Immediate Release from Custody, Stay All Proceedings and Mute (sic) All Orders and Actions Pending Court Decision on "Plea to Jurisdiction" (Docket Entry 382).**

    Bello again challenges this Court's Article III jurisdiction. The Court should deny this motion as frivolous.

**54. <u>Motion to Compel Access to Law Library (Docket Entry 383)</u>.**

Bello moves the Court to compel the Fannin County Jail to provide him with a "tablet" (presumably an electronic device) for him to use to prepare for trial. The Court should deny this motion as frivolous.

Respectfully Submitted,

DAMIEN M. DIGGS
UNITED STATES ATTORNEY

*/s/ Sean J. Taylor*
SEAN J. TAYLOR
Assistant United States Attorney
Texas Bar No. 24075147
600 East Taylor Street, Suite 2000
Sherman, Texas 75090
(903) 868-9454 (main)
sean.taylor@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed via electronic filing to defense counsel on December 19, 2024. The government also mailed a copy of the foregoing to Bello at the Fannin County Jail and will hand deliver a copy to him before the Court's hearing on December 19, 2024.

*/s/ Sean J. Taylor*
SEAN J. TAYLOR
Assistant United States Attorney
