# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v.  § | NO. 4:23-CR-00136-ALM-BD |
| § | |
| OLAMIDE OLATAYO BELLO (1) § | |

## MEMORANDUM OPINION AND ORDER

Proceeding pro se, defendant Olamide Olatayo Bello filed a motion to reopen his pretrial-detention hearing. Dkt. 413. The government did not file a response. The motion was referred to me in accordance with 28 U.S.C. § 636. Dkt. 455. The court will deny the motion.

## BACKGROUND

Bello was indicted for conspiracy to commit wire fraud and conspiracy to commit money laundering. Dkts. 1 (sealed original indictment), 24 (redacted original indictment), 376 (first superseding indictment). The court issued an arrest warrant for Bello and a search warrant for his house. Dkt. 13 (sealed arrest warrant); No. 4:23-MJ-00344-KPJ-1 (E.D. Tex.), Dkt. 2 (search warrant). Armed with those warrants, agents with the Federal Bureau of Investigation ("FBI") arrested Bello, searched his house, and seized electronic devices that they found there.

Bello made his initial appearance the next day and was released on conditions. Minute Entry for June 22, 2023; Dkt. 46 (sealed). A pretrial-services officer later petitioned the court for a warrant to arrest Bello based on his attempt to contact and coerce one of his codefendants in violation of three conditions of his pretrial-release order. Dkt. 122 (sealed). The court granted the petition, issued the warrant, and held a revocation hearing. Dkts. 124 (sealed), 125 (sealed); Minute Entries for Aug. 17 and 22, 2023. Based on testimony from FBI Special Agent Jason Rennie, the court ordered Bello detained pending trial. Dkt. 139.

More than a year later, Bello filed three motions to suppress, Dkts. 353, 354, 357, and the court held a hearing on the motions. Minute Entry for Dec. 13, 2024. Based on Bello's arguments in his filings and at the hearing, the court construed one of the motions, Dkt. 353, as a motion to reopen

the question of his pretrial detention, *see* Dkt. 419 at 9–10. Although Bello argued that the WhatsApp messages that the government used to support detention had been tampered with, that the person who provided those messages to the government lied about them, and that it is doubtful that Bello was truly the author of a Microsoft Word document used to try to coerce that person, the court recommended that detention not be reopened. It determined that despite Bello's arguments, the court would still have found probable cause to believe that he committed a crime while on release, and it would still have found clear and convincing evidence that he violated a condition of his release by arranging for his codefendant to be contacted and coerced.

After the hearing, but before the court issued a report and recommendation on his motions, Bello filed the motion at issue here. In that motion, Bello claims that he recently discovered exculpatory evidence that was not known at the time of his hearing and that the evidence has a material bearing on whether there are conditions of release that will reasonably assure his appearance and the safety of any other person and the community. He also states that he should be immediately released so that he can prepare his defense, given that the government did not use body cameras when it executed the search warrant of his house.

## DISCUSSION

**I. Bello has not met his burden under 18 U.S.C. § 3142(f)(2)(B) for reopening the question of detention.**

Detention may be reopened if a court "finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing" on "whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2)(B). New evidence has "material bearing" if it "relate[s] in some significant or essential way to the decision whether to detain." *United States v. Worrell*, No. 1:21-cr-00292-RCL, 2021 WL 2366934, at *9 (D.D.C. June 9, 2021) (emphasis omitted) (citing *United States v. Cisneros*, 328 F.3d 610, 614 (10th Cir. 2003)). The purpose of § 3142(f)(2)(B) is "to allow parties to present unknown information that increases the chances the defendant appears for [his or her] criminal hearing[] or decrease[s] the danger the

defendant poses to an individual or the community as a whole." *United States v. Martin*, No. 13-00466 JSW (KAW), 2015 WL 1738362, at *2 (N.D. Cal. Apr. 13, 2015).

Bello has not presented new evidence that has a material bearing on the court's decision to detain him. As stated in its report and recommendation on Bello's other motions, Dkt. 419 at 10, the court ordered Bello detained based, in part, on Agent Rennie's testimony at the detention hearing. Rennie credibly testified that Bello, who also went by "David Bello," tried to coerce his codefendants not to give information to the government after they were first arrested. Then, two days after Bello's release, someone contacted codefendant Sabur Yusuff using two Nigerian phone numbers. Yusuff had never communicated with anyone using those numbers before. But Bello had. One of the numbers sent Yusuff a Microsoft Word document that instructed him not to cooperate with, and to provide a false narrative to, the government. The metadata associated with that document revealed that "David Bello" authored it. Bello had also previously told a codefendant (whether Yusuff or someone else is unclear) that an unnamed group of people in the United States would commit acts of violence if they were not paid 30 percent of the proceeds from the government-issued loans on which the alleged conspiracy is based.

Although Bello argues that he has recently discovered new evidence material to the question of detention, he does identify or describe the evidence. Regardless of whether he is referring to the evidence he put on at the hearing on his previous motion to reopen detention or to some new, unidentified evidence, Bello has failed to meet his burden and detention should therefore not be reopened.

If Bello is referring to the evidence he put on at the hearing on his prior motion, the court has already found that evidence to be immaterial because there would still have been probable cause to believe that he committed a crime while on release and there would still have been clear and convincing evidence that he violated a condition of his release by arranging for Yusuff to be contacted and coerced. Dkt. 419 at 8–10. In other words, the evidence that Bello may be referring to would have had no material bearing on the court's detention decision.

3

If Bello is instead referring to some other, as-yet-unidentified evidence, he likewise fails to meet his burden. The court cannot find that a piece of evidence would have a material bearing on its decision to detain a defendant without knowing what that evidence is.

## II. Bello has not met his burden for securing temporary release under 18 U.S.C. § 3142(i).

Bello mentions that he requires immediate release to prepare for his defense because the government failed to use body cameras during the execution of the search warrant for his house. Dkt. 413 at 2. The court liberally construes Bello's motion to be seeking temporary release under 18 U.S.C. § 3142(i). That statute permits a court to temporarily release a person if it "determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i). "As the plain language of this provision reveals, however, it applies in rare circumstances only: when release is 'necessary' for defense preparations or when there is another 'compelling reason.'" *United States v. Herndon*, No. 6:21-CR-00054-JCB, 2023 WL 1766269, at *2 (E.D. Tex. Feb. 3, 2023) (quoting 18 U.S.C. § 3142(i)). Bello makes no argument to support his assertion that he should be released based on the government agents' failure to wear body cameras. He has therefore failed to meet his burden.

## CONCLUSION

It is **ORDERED** that the motion to reopen detention, Dkt. 413, is **DENIED**.

So **ORDERED** and **SIGNED** this 3rd day of January, 2025.

_____
Bill Davis
United States Magistrate Judge