# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| V. § | Case Number 4:23-CR-136 |
| § | Judge Mazzant |
| § | |
| OLAMIDE OLATAYO BELLO (1) § | |

### MEMORANDUM ADOPTING THE REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the Report and Recommendation ("Report") of the United States Magistrate Judge in this case, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On December 12, 2024, the Magistrate Judge entered a Report (Dkt. #380) recommending that Defendant Olamide Olatayo Bello's Motion to Dismiss Indictment (Dkt. #283) be denied. On December 26, 2024, Defendant Bello ("Bello") filed several objections to the Report (Dkt. #434). After objecting, Bello filed a Motion for Extension of Time to Object to the Report (Dkt. #435).

Having received the Report of the Magistrate Judge and Bello's objections (Dkt. #434), and having conducted a *de novo* review of the Report, the Court concludes that the findings and conclusions of the Magistrate Judge are correct. Accordingly, the Court adopts the Magistrate Judge's Report in full and determines that Bello's Motion should be denied. Bello's Motion for Extension of Time to Object to the Report (Dkt. $435) is denied as Moot.

### I. OBJECTIONS TO REPORT AND RECOMMENDATION

A criminal defendant who files specific, timely written objects to a report and recommendation of a magistrate judge is entitled to a *de novo* review of the findings contained in

that report. 28 U.S.C. § 636(b)(1)(C). Bello has made such objections, requiring the Court to perform a *de novo* review. The Court begins with construing those objections.

In his objections, Bello asserts what appear to be seven arguments against the Report (*See* Dkt. #434). Some of Bello's objections regurgitate arguments already ventilated before the Magistrate Judge or assert arguments that are the subject of other Court orders. Still, other objections are broad statements that do not specifically object to the Report or are novel altogether. Because Bello has elected to proceed *pro se*, the Court construes his objections liberally. *See, e.g.*, *United States v. Santora*, 711 F.2d 41, 42 (5th Cir. 1983). As addressed in the sections that follow, even with the grace of a liberal construction, none of Bello's objections are persuasive.

Bello's objections can be summarized as follows. *First*, Bello asserts that the Government "forcefully" brought him before the Court to establish jurisdiction over him, which, according to Bello, cannot give rise to personal jurisdiction (Dkt. #434 at p. 2). *Second*, Bello attacks the probable cause affidavit that resulted in his ultimate arrest and pretrial detention (Dkt. #434 at p. 2). *Third*, Bello submits that the Indictment[1] is fatally defective for three reasons: (1) it "state[s] only a legal conclusion"; (2) it does not "specifically identify[] an[] offense-object"; and (3) it does not allege a federal offense (Dkt. #434 at p. 3). *Fourth*, Bello argues that the Indictment impermissibly "lumps" Bello together (ostensibly) with other people and things (Dkt. #434 at p. 3). *Fifth*, Bello objects specifically to the Report, seemingly claiming that that the Magistrate Judge's Report manifests error in its speedy trial analysis and calculations (Dkt. #434 at p. 3). *Sixth*, Bello generally

---

[1] Bello filed his Motion to Dismiss Indictment (Dkt. #283) on October 21, 2024, seeking to dismiss the original Indictment (Dkt. #1; Dkt. #24), which the Magistrate Judge assessed (Dkt. 380 at p. 1). On December 11, 2024, while Bello's Motion was pending, and before the Magistrate Judge entered a Report, the Government filed its First Superseding Indictment, adding as Count 2 the charge of conspiracy to commit money laundering (Dkt. #376). Bello's Motion does not account for the Superseding Indictment. Regardless, the Superseding Indictment does not change the Court's analysis as to Count 1.

claims that he has been "improperly denied . . . access" to the Court to "properly assert his claims" (Dkt. #434 at p. 3). *Seventh* and finally, Bello generally asserts that his "continuous pretrial detention," as well as the ongoing proceedings against him, violate his "constitutional rights and due process" (Dkt. #434 at p. 3).

The Court need not address all seven of these arguments here because some of them are better addressed elsewhere. Bello's attempt to challenge the warrant affidavit was addressed by the Magistrate Judge in a separate Report and Recommendation, which the Court will soon address in a separate order (Dkt. #419). That issue was not before the Magistrate Judge in considering Bello's Motion to Dismiss the Indictment (Dkt. #283). Accordingly, the Court does not construe Bello's packaging of this argument as an objection to this Report as an actual, specific objection to the Magistrate Judge's findings and conclusions regarding the issues of jurisdiction, the Indictment, and Bello's right to a speedy trial.

Similarly, Bello's assertion that his pretrial detention and the proceedings against him are unconstitutional is not new, and the Court just referred Bello's Emergency Motion to Reopen Pretrial Revocation Hearing (Dkt. #413) to the Magistrate Judge (Dkt. #455). The facts remain that upon Bello's arrest, he timely made an initial appearance and was released on conditions. Only weeks later, Bello violated his conditions of release and was detained after a hearing. The Court

need not assess Bello's threadbare claim regarding his pretrial detention here, as it will do so after receipt of the Magistrate Judge's Report and Recommendation on that issue.[2]

Bello's assertion that he has been denied access to the Court can be handled swiftly. First, that issue is not an objection to the Report. But second and more importantly, even a cursory review of the docket in this matter lays the axe at the feet of that assertion. Bello has had full access to the Court to make whatever arguments he has so desired. He has filed numerous motions, all of which the Court has diligently worked to rule upon in a timely manner.

Accordingly, four objections remain for the Court to address as it conducts a *de novo* review of the Report before the Court:

1. that Bello was forcibly brought before the Court to establish jurisdiction over him;
2. that the Indictment fails in substance and form;
3. that the Indictment impermissibly "lumps" Bello together with others; and
4. that the Report errs in its speedy trial calculations.

The Court will address each objection in turn. Each is unpersuasive and, therefore, overruled.

---

[2] The Court notes that the Report addresses Bello's argument that his pretrial detention has violated his constitutional right to due process under the Fifth Amendment as it was raised in his Motion to Dismiss the Indictment (Dkt. #380 at pp. 18–19). The Magistrate Judge concluded that Bello's arguments are misguided (Dkt. #380 at pp. 18–19). The Court agrees with the Report's conclusion and analysis. Bello does not advance any new, specific objection against that analysis. Bello's broad statement reasserting his position that pretrial detention has deprived him of due process, however, should it be construed as a specific objection, is overruled. Bello's right to due process has not been violated. Because the matter has been raised in another motion (Dkt. #413) and was referred to the Magistrate Judge (Dkt. #455), the Court will address any objection Bello has to the Magistrate Judge's report and recommendation on that matter when the time comes. The Magistrate Judge denied that Motion (Dkt. #464). The Court does, however, adopt and agree with the Report's reasoning regarding Bello's due process arguments.

## A. Jurisdiction

The Magistrate Judge concluded that the Court has both subject matter and personal jurisdiction over Bello (Dkt. #380 at p. 2). That is correct. The Report is right in rejecting Bello's arguments that inappropriately attempt to "import principles of civil litigation" in an effort to dispute jurisdiction here (Dkt. #380 at p. 2). The provisions of civil law that Bello relies upon in challenging the Court's jurisdiction over him do not govern this case.

The Magistrate Judge manifested no error in analyzing the issue of subject matter jurisdiction. As the Report properly notes, the Court's jurisdiction under 18 U.S.C. § 3231 is "'invoked by an indictment charging a defendant with violating federal law'" (Dkt. #380 at p. 3) (quoting *United States v. Romans*, 823 F.3d 299, 315 (5th Cir. 2016)). "Subject matter jurisdiction . . . is straightforward in the criminal context." *United States v. Scruggs*, 714 F.3d 258, 262 (5th Cir. 2013). Though Bello claims that the Indictment does *not* charge him with a federal offense, that is simply not the case (Dkt. #434 at p. 3). The Indictment charges Bello with violating of 18 U.S.C. § 1349 (conspiracy to commit wire fraud)—a federal offense. As the Magistrate Judge correctly determined, that is the end of the matter (Dkt. #380 at p. 3) (quoting *Scruggs*, 714 F.3d at 262). *See also United States v. Ruiz*, No. 23-10406, 2024 WL 1134725, at *1 (5th Cir. 2024); *United States v. Cato*, 827 Fed. Appx. 398, 400 (5th Cir. 2020) (quoting *United States v. Cotton*, 535 U.S. 625, 630–31 (2002)); *United States v. Isgar*, 739 F.3d 829, 838 (5th Cir. 2014) (quoting *Cotton*, 535 U.S. at 630–31) ("'[A] district court has jurisdiction of all crimes cognizable under the authority of the United States and the objection that the indictment does not charge a crime against the United States goes only to the merits of the case.'").

Turning to the issue of personal jurisdiction, the Magistrate Judge was also correct to conclude that the Court may exercise personal jurisdiction over Bello. As the Report states,

5

"personal jurisdiction is established by the defendant's appearance in court" (Dkt. #380 at p. 3) (citing *United States v. Masat*, 948 F.2d 923, 934 (5th Cir. 1991); *United States v. Lussier*, 929 F.2d 25, 27 (1st Cir. 1991)). Because Bello has appeared in court, the Magistrate Judge concluded that the Court may exercise personal jurisdiction over him (Dkt. #380 at p. 3). Bello objects, arguing that his appearance in court was unwilling and secured by force, and therefore cannot give rise to personal jurisdiction (Dkt. #434 at p. 2). Not so. Federal Rule of Criminal Procedure 43 *requires* Bello's presence at certain stages. Criminal proceedings are not a revolving door that allow the defendant to come and go as they so please. Bello cannot avoid prosecution by failing to ever appear. If he could, then certainly, no defendant would ever appear to be prosecuted. Alas, Bello must appear in accordance with Rule 43. As the Report correctly states, because Bello has appeared in court, the Court has personal jurisdiction over him (Dkt. #380 at p. 3).

### B. The Indictment

Turning now to the Indictment, the Magistrate Judge concluded that the Indictment should not be dismissed (Dkt. #380 at p. 3). Bello challenges that conclusion on four grounds. According to Bello, the Indictment should be dismissed because:

1. it states only a legal conclusion;
2. it does not specifically identify an offense-object;
3. it does not allege a federal offense; and
4. it impermissibly "lumps" Bello together with others "as if there were a single, homogenous entity."

(Dkt. #434 at p. 3).³ None of these objections have merit. They are accordingly overruled. The Report is correct in its assessment of the Indictment. Each is addressed in turn.

First, Bello asserts that the Indictment should be dismissed because it states a legal conclusion alone. That is wrong. In support of his argument to the contrary, Bello cites a footnote from *United States v. Strauss* (Dkt. #434 at p. 3; Dkt. #434-3 at p. 1) (citing 283 F.2d 155, 158–59 n.6 (5th Cir. 1960)). But *Strauss* articulates the standard by which the Court must determine the sufficiency of an indictment—a standard that this Indictment satisfies.

> In passing upon the legal sufficiency of an indictment it is necessary only to determine whether it satisfies the requirements of the Sixth Amendment to the Constitution of the United States that the accused in a criminal prosecution shall be informed of the nature and cause of the accusation against him and is adequate to enable him to plead the judgment entered as res judicata of any further prosecution for the same offense.

*Strauss*, 283 F.2d at 158–59. As the Report observed, "'an indictment is sufficient if it contains the elements of the charged offense, fairly informs the defendant of the charges against him, and [e]nsures that there is no risk of future prosecutions for the same offense'" (Dkt. #380) (quoting *United States v. Cavalier*, 17 F.3d 90, 92 (5th Cir. 1994)). Federal Rule of Criminal Procedure 7(c)(1) also requires that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." This Indictment conforms with Rule 7(c)(1)'s requirements. And while Bello treats the Indictment as a threadbare legal assertion, the twenty-two-page Indictment in this case is nothing of the sort. It includes "the essential facts constituting the offense charged." *Compare* (Dkt. #1) *with* FED. R. CRIM. P. 7(c)(1). Bello is entitled

---

³ Bello does not appear to raise any of these issues in his original Motion to Dismiss the Indictment aside from his impermissible lumping argument (Dkt. #283). Thus, the first three challenges are not within the ambit of the matter at hand—whether the Report of the Magistrate Judge is correct. Nonetheless, the Court will address these points briefly for the benefit of the Defendant.

to no more. "Indeed, '[a] defendant may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence, for an indictment returned by a legally constituted and unbiased grand jury, if valid on its face, is enough to call for trial of the charge on the merits.'" *United States v. Curchill*, No. 4:20-CR-00252(1), 2021 WL 862284 (E.D. Tex. Mar. 8, 2021) (quoting *United States v. Mann*, 517 F.2d 259, 267 (5th Cir. 1975) (citing *Costello v. United States*, 350 U.S. 359, 363 (1956)), *cert. denied*, 423 U.S. 1087 (1967)).

Second, Bello asserts that the Indictment fails to identify an "offense-object" (Dkt. #434 at p. 3). Once more, incorrect. As the Magistrate Judge correctly observed, the Indictment properly charges Bello with conspiracy to commit wire fraud (Dkt. #380 at p. 6). Bello seems to conflate the elements of wire fraud and conspiracy to commit wire fraud in an effort to challenge the sufficiency of the Indictment, but Bello's arguments do not change the fact that the Indictment is legally correct for the reasons the Magistrate Judge explained (*See* Dkt. #380 at p. 6). As the Report articulates, the Government need not allege the elements of the substantive offense—what Bello seems to call the "offense-object"—to be proper (*See* Dkt. #380 at pp. 5–6).

Bello's third objection that the Indictment does not allege a federal crime is flatly incorrect. *See* 18 U.S.C. § 1349. Bello's third objection is thus overruled.

Bello's fourth objection to the Indictment is also overruled. Bello already asserted before the Magistrate Judge that the Indictment improperly "lumps him together with his wife, several businesses he owns and manages, and an IP address associated with his home" (Dkt. #380 at p. 3) (citing Dkt. #283 at pp. 5, 8–10). As the Report aptly puts it, Bello's argument appears to be that the Indictment "must establish subject-matter jurisdiction for each of the defendants individually, so the court lacks subject-matter jurisdiction and the indictment must be dismissed" (Dkt. #380 at

8

p. 3). For good reasons, the Magistrate Judge rejected that argument. So too does this Court. Bello's "lumping theory" does not require dismissal (Dkt. #380 at p. 4) (collecting cases).

Defendant's objections to the Indictment are overruled, and his original arguments made in his Motion (Dkt. #283) hold no water. Having reviewed the Magistrate Judge's analysis regarding Bello's flawed argument that the Indictment is fatally duplicitous, the Court agrees with the Report. The Indictment is not duplicitous. Bello does not object. The Indictment will stand.

### C.    Right to a Speedy Trial

Bello's Motion asserted violations of his statutory and constitutional rights to a speedy trial (Dkt. #283 at p. 20). As determined by the Magistrate Judge's Report, Bello's speedy trial rights have not been violated (Dkt. #380 at p. 6). Bello maintains the existence of an ongoing speedy trial violation. As explained below, Bello is incorrect. Bello's speedy trial rights have not been infringed.

#### 1.    Statutory Right to a Speedy Trial

The Court begins with Bello's statutory right to a speedy trial. Under the Speedy Trial Act, a defendant must be brought to trial "within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). "In a multi-defendant case [(such as this one)], the clock starts running when the last defendant appears" (Dkt. #380 at p. 6) (citing *United States v. Calle*, 120 F.3d 43, 46 (5th Cir. 1997)). But the clock does not always tick at the Government's expense. The Speedy Trial Act excepts from the seventy-day clock certain periods of delay. *See* 18 U.S.C. § 3161(h). Among these exempted delays are those due to: mental competency proceedings; pretrial motions; judicial consideration of a proposed plea agreement; the defendant's transportation to and from a place of hospitalization, up to a period of ten days; and "ends of justice" continuances as authorized by a

court. *United States v. Stephens*, 489 F.3d 647, 652 (5th Cir. 2007). In a multi-defendant case, when one defendant causes an excludable delay, that delay may be attributable to all co-defendants. *Id.* at 654. According to the Speedy Trial Act, "[i]f a defendant is not brought to trial within [seventy] non-excludable days, the indictment must be dismissed" (Dkt. #380 at p. 6) (citing 18 U.S.C. §3162(a)(2)). Here, dismissal is not required.

As the Speedy Trial Act states, and as the Report observes, "'[a]ny period of delay resulting from a continuance granted by any judge' is excludable for speedy trial purposes 'if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial'" (Dkt. #380 at p. 7) (quoting 18 U.S.C. § 3161(h)(7)(A)). To be excludable, the issuing court must accompany an "ends of justice" continuance with oral or written findings "in the record of the case . . . its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

As the Magistrate Judge's Report chronicles in great detail, Bello and his co-defendants are responsible for nearly all of the delay in bringing this case to trial. Specifically, the continuances were granted pursuant to Section 3161(h)(7)(A). The Report accurately summarized the motions for continuance and properly observed that each continuance was justified by Section 3161(h)(7)(A)'s balancing test (Dkt. #380 at pp. 7–10). The continuances were "'required to assure the necessary time for counsel to prepare effectively for trial, taking into account the exercise of due diligence'" (Dkt. #380 at p. 10). Those continuances result in the current trial date of January 13, 2025. The Magistrate Judge did not err in determining that each of the

motions for continuance were excludable from Bello's speedy trial clock. And while Bello now quarrels with the reasons the Court granted the motions to continue pursuant to 18 U.S.C. § 3161(h)(7)(A), Bello is simply incorrect that the Court's reasoning is insufficient. Bello and his co-defendants sought continuances, and the Court, in a desire to ensure that the defendants are prepared for trial, honored those requests.

Moreover, the Magistrate Judge was correct in attributing Bello's co-defendants' motions for continuance to Bello for purposes of the speedy trial calculation. As the Report notes, "'the excludable delay of one co-defendant may be attributable to all codefendants'" (Dkt. #380 at p. 10) (quoting *Stephens*, 489 F.3d at 654) (cleaned up). But "'[a]ttribution of the excludable delay of one co-defendant to another co-defendant is not, however, automatic; rather, the period of delay must be reasonable'" (Dkt. #380 at p. 10) (quoting *Stephens*, 489 F.3d at 654). "'The reasonableness of delay can be measured in reference to (a) the totality of the circumstances prior to trial, or (b) the actual prejudice suffered' by the complaining defendant" (Dkt. #380 at p. 10) (quoting *United States v. Franklin*, 148 F.3d 451, 457 (5th Cir. 1998)). Given the totality of circumstances of this case, the delay is reasonable. And as the Report correctly concludes, Bello exerts no tenable basis for a conclusion that he has been prejudiced by the delay (Dkt. #380 at pp. 11–12). Accordingly, the Report correctly concluded that Bello's statutory right to a speedy trial has not been violated.

    2.    Sixth Amendment Right to a Speedy Trial

Bello also asserts that his right to a speedy trial under the Sixth Amendment has been violated. The Magistrate Judge disagreed and concluded that Bello's Sixth Amendment right to a speedy trial has been honored (Dkt. #380 at p. 13). "The Sixth Amendment guarantees that 'in all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial.'" *United States v. Bieganowski*, 313 F.3d 264, 284 (5th Cir. 2002) (quoting *United States v. Neal*, 27 F.3d 1035, 1042

11

(5th Cir. 1994)). "It will be the unusual case . . . where the time limits under the Speedy Trial Act have been satisfied but the right to a speedy trial under the Sixth Amendment has been violated." *Id.* (citing *United States v. O'Dell*, 247 F.3d 655, 666–67 (6th Cir. 2001); *United States v. Munoz-Amado*, 182 F.3d 57, 61 (1st Cir. 1999); *United States v. Nance*, 666 F.2d 353, 360 (9th Cir. 1982)). This case is not the rare exception to that general rule.

As the Report explains, courts balance four factors—the *Barker* factors—in determining whether a defendant right to a speedy trial under the Sixth Amendment has been violated: (1) the length of pretrial delay; (2) the reason for that delay; (3) the defendant's assertion of his speedy-trial right; and (4) any resulting prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 530 (1972); *United States v. Serna-Villarreal*, 352 F.3d 225, 230 (5th Cir. 2003) (quoting *United States v. Cardona*, 302 F.3d 494, 496 (5th Cir. 2002)). In performing *Barker* balancing, "the Court must weigh the first three *Barker* factors . . . against any prejudice suffered by the defendant due to the delay in prosecution" (the fourth factor). *Id.*

The Report rightly starts its *Barker* analysis by concluding that the length of the delay (the first factor) is not excessive (Dkt. #380 at p. 13). The length of delay "functions as a triggering mechanism" to determine whether the Court must balance the remaining *Barker* factors. *Id.* "As a threshold consideration, the length of the delay must be examined and found to be presumptively prejudicial" for the Court to continue to the rest of the *Barker* factors. *Jamerson v. Estelle*, 666 F.2d 241, 243 (5th Cir. 1982); *Doggett v. United States*, 505 U.S. 647, 651–52 (1992). In the Fifth Circuit, "courts generally view a delay of approximately one year as sufficient to require a full *Barker* analysis." *Goodrum v. Quarterman*, 547 F.3d 249, 257 (5th Cir. 2008). But, as with the Speedy Trial

Act, delays caused by the defendant are subtracted from the calculus. *See United States v. Jackson*, 549 F.3d 963, 970–71 (5th Cir. 2008).

Here, as the Magistrate Judge concluded after subtracting a four-month delay attributable to Bello from when Bello was indicted approximately eighteen months ago that "the delay is only two months beyond the minimum needed to trigger" a full *Barker* analysis (Dkt. #380 at p. 14). Thus, the first factor, while triggering a *Barker* analysis, "weighs only slightly in Bello's favor at most" (Dkt. #380 at p. 14) (citing *Amos v. Thornton*, 646 F.3d 199, 206 (5th Cir. 2011) ("A delay must persist for at least eighteen months over and above that bare minimum for this factor to strongly favor the accused.")).

Turning to the second *Barker* factor, the Report correctly explains that the delay is substantiated by good cause (Dkt. #380 at p. 14). The reasons for the delay include the necessity of awaiting discovery, preparing for trial, and attempting to negotiate plea agreements (Dkt. #380 at p. 14). Bello himself sought continuances on these bases, and he did not object when his co-defendants did the same (Dkt. #380 at p. 14). The second factor queries "whether the government or the criminal defendant is more to blame." *United States v. Gordon*, 93 F.4th 294, 307 (5th Cir. 2024). Here, the defendants caused nearly all of the delay. Bello cannot have his cake and eat it too. *See Nelson v. Hargett*, 989 F.2d 847, 852 (5th Cir. 1993).

The Magistrate Judge additionally observed that to the extent part of these delays were due to the Government's delay in producing discovery or negotiating plea agreements, Bello cannot be faulted for such delays (Dkt. #380 at p. 15). Rightly so. But "'the delay for an ordinary street crime is considerably less than for a serious, complex conspiracy charge'" (Dkt. #380 at p. 15) (quoting *Barker*, 407 U.S. at 531). This case is a complex conspiracy charge that involves eleven co-

13

defendants (*See* Dkt. #1). Thus, the delay in this case is wholly expected. Accordingly, this factor weighs, as the Report explains, only slightly in favor of Bello at most. *See United States v. Duran-Gomez*, 984 F.3d 366, 380 (5th Cir. 2020).

As to the third factor, "'the defendant's assertion of his speedy trial right receives strong evidentiary weight, while failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial'" (Dkt. #380 at p. 15) (quoting *Gordon*, 93 F.4th at 308). *See also United States v. Parker*, 505 F.3d 323, 329–30 (5th Cir. 2007). "An assertion of the right to a speedy trial is a 'demand for a speedy trial.'" *Duran-Gomez*, 984 F.3d at 378 (quoting *United States v. Frye*, 489 F.3d 201, 211 (5th Cir. 2007)). The Fifth Circuit has held that this demand will "generally" take the form of "an objection to a continuance or a motion asking to go to trial." *Id.* (quoting *Frye*, 489 F.3d at 211–12). "'At the very least,' a defendant 'should manifest his desire to be tried promptly.'" *Id.* (quoting *Frye*, 489 F.3d at 211–12; *United States v. Litton Sys., Inc.*, 722 F.2d 264, 271 (5th Cir. 1984)). "The Court 'assesses the totality of the proceedings in considering the amount of time that passed before a defendant should have raised his speedy trial rights'" (Dkt. #380 at p. 15) (quoting *Gordon*, 93 F.4th at 308).

This factor weighs against Bello, as the Magistrate Judge correctly found (Dkt. #380 at p. 16). True, Bello asserted his speedy trial right. But he did not diligently pursue that right. As the Report explains, Bello's assertion of his right to a speedy trial was delayed by nearly six months, in part due to his desire to represent himself. Bello did not object to his co-defendant's motions for continuance. Further, after a nearly six-month delay, he filed his first speedy trial motion (Dkt. #165), which the Court denied because Bello filed it *pro se* while also being represented by counsel (Dkt. #167). That six-month delay weighs against Bello. *See United States v. Cornwell*, No. 4:24-

14

CR-00027-SDJ, 2024 WL 4311473, *4 (E.D. Tex. Sept. 26, 2024). At the same time, Bello asserted his speedy trial right promptly after the Court allowed him to represent himself *pro se* (*See* Dkt. #310). Nonetheless, as the Report concludes, the totality of the circumstances suggest that this factor has little net weight (Dkt. #380 at p. 16).

The Court finally turns to the fourth factor—whether Bello has suffered prejudice because of the delay. *See Barker*, 407 U.S. at 530. The Magistrate Judge concluded that he has not. The Court agrees. "Prejudice may be presumed where the first three factors weigh heavily in the Defendant's favor." *Gordon*, 93 F.4th at 309. Here, because the three factors analyzed above do not "weigh heavily" in Bello's favor, Bello carries the burden to prove prejudice. *Serna-Villareal*, 352 F.3d at 230. The Magistrate Judge concluded that Bello has not carried his burden to show how, if at all, he has been prejudiced by the delay (Dkt. #380 at p. 17). The Court concludes the same. Accordingly, Bello's Sixth Amendment right to a speedy trial has not been violated, and any objection to the contrary is overruled.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion to Dismiss Indictment (Dkt. #283) is **DENIED.** The Court hereby determines that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's Report and Recommendation in full.

Defendant's Motion for Extension of Time to Object to the Report (Dkt. #435) is **DENIED as moot.**

**IT IS SO ORDERED.**
SIGNED this 6th day of January, 2025.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

15