# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| V. § | Case Number 4:23-CR-136 |
| § | Judge Mazzant |
| OLAMIDE OLATAYO BELLO (1) § | |

### MEMORANDUM ADOPTING THE REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the Report and Recommendation ("Report") of the United States Magistrate Judge in this case, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On December 12, 2024, the Magistrate Judge entered a Report (Dkt. #419) recommending that Defendant Olamide Olatayo Bello's three Motions to Suppress Evidence based on alleged Fourth and Fifth Amendment violations (Dkt. #353; Dkt. #354; Dkt. #357) be granted in part and denied in part. On December 30, 2024, Defendant Bello ("Bello") filed several objections to the Report, through which he also seeks leave to make an offer of proof, though he does not identify to what end he seeks to make that offer of proof (Dkt. #462).

Having received the Report of the Magistrate Judge (Dkt. #419) Bello's objections (Dkt. #462), and having conducted a *de novo* review of the Report, the Court concludes that the findings and conclusions of the Magistrate Judge are correct. Accordingly, the Court adopts the Magistrate Judge's Report in full and determines that Bello's Motion should be **GRANTED** in part and **DENIED** in part for the reasons set forth in the Report. Bello's Motion seeking leave to make an offer of proof is **DENIED**.

## I.  OBJECTIONS TO REPORT AND RECOMMENDATION

A criminal defendant who files specific, timely written objections to a report and recommendation of a magistrate judge is entitled to a *de novo* review of the findings contained in that report. 28 U.S.C. § 636(b)(1)(C). Bello has attempted to make such objections, requiring the Court to perform a *de novo* review.

Unlike previous objections against other reports and recommendations, the "objections" Bello filed against the Report before the Court are, for the most part, nothing of the sort. Because Bello has elected to proceed *pro se*, the Court construes his objections liberally. *See, e.g.*, *United States v. Santora*, 711 F.2d 41, 42 (5th Cir. 1983). But the Court will not create an objection where no semblance of a cogent objection exists.

Nonetheless, the Court attempts to comprehend Bello's position(s). *First*, Bello's objections appear to argue that no exceptions to the warrant requirement apply to the search of the cell phones at issue, which were searched pursuant to a warrant (Dkt. #462 at pp. 2–5). In making this argument, it also appears that Bello suggests that the Government violated his Fourth Amendment rights by searching the devices after executing the warrant on June 21st, 2023 (Dkt. #462 at p. 5). *Second*, Bello's objections appear to dispute the applicability of the inevitable discovery doctrine, the independent source doctrine, and the attenuation doctrine (Dkt. #462 at pp. 7–9). *Third*, Bello argues that the good-faith exception to the exclusionary rule does not apply so as to permit admission of evidence from the cell phones, because, according to Bello, law enforcement did not have a warrant (Dkt. #464 at pp. 10–11). *Fourth*, Bello seems to argue that law enforcement lacked probable cause altogether (Dkt. #462 at p. 12). For the remainder of his objections, Bello appears to launch into a diatribe telling his side of the story and regurgitating

arguments regarding other issues that the Court has already rejected in prior orders (*See* Dkt. #462 at pp. 13–39). There is no cognizable objection to be made of that narrative. But to the extent that that the Court can decipher any objection from that narrative, that objection is overruled.

Bello's first and fourth objections are meritless. Each assumes the major premise—that there was no warrant that authorized the seizure and search of the cellphones at issue. Not so. Law enforcement acted in accordance with a warrant, as the Report properly notes (*See* Dkt. #419 at p. 11) (citing No. 4:23-MJ-003440-KPJ-1 (E.D. Tex.), Dkt. #2 at pp. 5–6). Bello's contention that the Government needed *another* warrant to search that which it seized under the warrant it had already obtained—albeit executed on an earlier day—is flatly incorrect. That the warrant commands law enforcement to "execute th[e] warrant on or before June 28, 2023" does not require law enforcement to obtain a second warrant to search the devices that it obtained simply because law enforcement elects to search those already-seized devices at a later date. *United States v. Whisman*, No. 4:16-CR-173-MAC, 2018 WL 459342, at *11 (E.D. Tex. Jan. 5, 2018), *report and recommendation adopted*, No. 4:16-CR-173, 2018 WL 454248 (E.D. Tex. Jan. 17, 2018) (quoting *United States v. Evers*, 669 F.3d 645, 652 (6th Cir. 2012) (internal citations omitted) ("a second warrant to search a properly seized computer is not required where the evidence obtained in the search did not exceed the probable cause articulated in the original warrant.")). And there is no question that law enforcement had sufficient probable cause to obtain that warrant, as the Report explains (Dkt. #419 at p. 7). Accordingly, Bello's first and fourth objects are overruled.

Bello's second objection is similarly overruled. As the Magistrate Judge correctly concluded, the inevitable discovery doctrine does apply to the evidence obtained from the iPhone (Dkt. #419 at p. 11). It does not apply, however, as the Report explains, to the evidence derived

from the Samsung cell phone or the two computers (Dkt. #419 at pp. 11–12). Further, the Magistrate Judge correctly applied Fifth Circuit caselaw, *United States v. Guia-Lopez*, No. 22-50234, 2023 WL 5236764 (5th Cir. Aug. 15, 2023), which Bello ignores (*See* Dkt. #419 at p. 13). *Guia-Lopez* applies here for the reasons set forth in the Report.[1] Applied here, *Guia-Lopez*, coupled with the inevitable discovery doctrine, yield the conclusion that while the Government did not meet its burden to show the absence of a Fifth Amendment violation, the exclusionary rule should not apply to the evidence found on the iPhone (Dkt. #419 at p. 17). At the same time, because the Government did not carry its burden under the inevitable discovery doctrine regarding the evidence from the Samsung cell phone and two computers, the exclusionary rule does apply to that evidence (Dkt. #419 at p. 17). Bello's objection to the contrary is overruled. Further, Bello seems to misunderstand the Magistrate Judge's analysis on this issue, arguing against an application of the attenuation doctrine and the independent source doctrine. But the Report's analysis makes no

---

[1] In summarizing *Guia-Lopez*, the Report states that "[t]he Fifth Circuit then went farther than the district court, applying the 'fruit of the poisonous tree' doctrine to suppress the non-testimonial evidence recovered from the phone as a result of the defendant's unconstitutionally compelled password" (Dkt. #419 at p. 13) (citing *Guia-Lopez*, 2023 WL 5236764, at *7). The Court is unsure that the Fifth Circuit did so in *Guia-Lopez*. Nonetheless, this does not change the Court's application of *Guia-Lopez* to issue before the Court.

In *Guia-Lopez*, law enforcement interviewed a defendant after conducting a vehicle stop and arresting the defendant for alien smuggling. 2023 WL 5236764, at *1. The defendant invoked his Fifth Amendment rights. *Id.* Then, agents asked if he would consent to a search of his cellular telephone, which the defendant agreed to, as manifested by his signing of a consent form and writing his password at the top of that consent form. *Id.* The district court denied in part the defendant's motion to suppress both the passcode and the evidence found on the cell phone. *Id.* The Fifth Circuit concluded that the text messages found on the phone, while testimonial, were not themselves subject to Fifth Amendment protection. *Id.* at *5. The Fifth Circuit also concluded that the defendant's statement consenting to a search of the cell phone was not protected. *Id.* Finally, the Fifth Circuit held that the passcode the defendant provided law enforcement with was subject to protection, and was, therefore, properly suppressed by the district court. *Id.* at *6. Then, the Fifth Circuit determined that, because "the deterrence benefits [of excluding the text messages] would not outweigh the substantial costs of suppressing the text messages[,]" the district court did not err in concluding that the text messages were admissible "despite the Fifth Amendment violation" because the defendant "provided his consent and passcode based on his free and rational choice and not because of offensive or coercive tactics." *Id.* at *7. The Magistrate Judge correctly applied this holding in assessing Bello's Motions.

4

mention of either doctrine, and neither doctrine can be applied to the issue before the Court. Thus, Bello's objections on those grounds are also overruled.

Finally, Bello's arguments against the application of the good-faith exception fall flat. His objection to the Magistrate Judge's application of the good-faith exception is overruled. Bello argues that the good-faith exception does not apply because the search of the devices was not accompanied by a warrant (Dkt. #462 at pp. 10–11). As discussed above, that is incorrect. Though Bello is right that the good-faith exception is triggered by law enforcement's reliance on a warrant, *see, e.g.*, *United States v. Pope*, 467 F.3d 912, 916 (5th Cir. 2006), Bello cannot change the simple fact that a warrant authorized the search of the devices. The remainder of the Report's good-faith exception analysis is sound, and Bello does not appear object to that analysis. Accordingly, Bello's objection is overruled.

Bello does not appear to object to the Report on any other basis. Having considered the Report and conducted a *de novo* review of its entirety, the Court determines that the Magistrate Judge did not manifest any error in the remainder of its analysis.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motions to Suppress (Dkt. #353; Dkt. #354; Dkt. #357) are **GRANTED in part** and **DENIED in part**. The Motions are **GRANTED** with respect to the evidence obtained from the Samsung cell phones and the two computers. The Motions are **DENIED** with respect to all other evidence, including the evidence obtained from the iPhone. Bello's Motion seeking leave to make an offer of proof is **DENIED**, and his objections (Dkt. #462) are overruled. The Court hereby determines that the findings and conclusions of the Magistrate Judge are correct and adopts the Report and Recommendation (Dkt. #419) in full.

**IT IS SO ORDERED.**

**SIGNED this 7th day of January, 2025.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE